RECEIPT NUMBER
200573985

29 Pgs
attach 1-3

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

MARILYN L. GALENSKI,

        Plaintiff,

vs.

FORD MOTOR COMPANY PENSION PLAN,

        Defendant.

_____/

```
JUDGE : Zatkoff, Lawrence P.
DECK  : S. Division Civil Deck
DATE  : 04/13/2005 @ 12:32:01
CASE NUMBER : 2:05CV71441
CMP MARILYN GALENSKI VS FORD
MOTOR COMPANY PENSION PLAN (LE)
```

MAGISTRATE JUDGE CAPEL

STEMPIEN & STEMPIEN, PLLC
By: Gregory J. Stempien P-20971
315 N. Center St., Ste. 200
Northville, MI 48167
(248) 735-9200

_____/

## COMPLAINT

    Defendant, Marilyn Galenski, by and through her attorneys, Stempien & Stempien,

PLLC, moves this Honorable Court to award to payment of child support arrearage from the

decedent's pension and in support thereof states:

### Count I
### Common Allegations

1.     Plaintiff Marilyn Galenski (hereinafter "Galenski") is a resident at 5917 Fellrath in the City of Taylor, County of Wayne, State of Michigan.

2.     This action arises under the Employee Retirement Income Security Act of 1974, 29 USCA 1001 (ERISA) and more particularly § 502(a)(1)(B) and § 502(c) of said Act 29 USCA 1132 (a)(1)(B), 1132(c). The court has jurisdiction of this matter under 29 USCA 1132(e).

3.     At all times mentioned, Ford Motor Company was and is a duly organized and existing corporation chartered under and by virtue of the laws of the State of Michigan, with its principal place of business in the State of Delaware.

4.     At all times mentioned, Ford Motor Company's Pension Plan was and is a duly

organized and existing "qualified trust pension plan" as defined in Title 26 USCA 401, and all subparagraphs, and Title 26 USCA 411, and all subparagraphs.

5.  Jurisdiction is vested in this court under 29 USCA § 1132(e)(1), the Employee Retirement Income Security Act of 1974.

6.  The Ford Motor Company Pension Plan was designed and intended to qualify under all of the requirements of Sections 401(a) and 501(a) of the United States Internal Revenue Code, Title 26. The above-mentioned plan and all of the above-mentioned provisions are incorporated by reference and a copy of the effective date and election to qualify under the above-mentioned sections is attached and made a part of this complaint. See *Exhibit 1*.

7.  At all times mentioned, Plaintiff's ex-husband, Joseph Galenski, is and was a qualified and vested participant in the Ford Motor Company Pension Plan.

8.  All of the benefits due plaintiff in accordance with the Ford Motor Company Pension Plan were and are vested and nonforfeitable, and Plaintiff has duly complied with all the conditions in order to receive such retirement benefits.

9.  On January 21, 1998, the Deputy Prosecuting Attorney for the State of Indiana, Charles F. Braddock, placed a lien on Joe J. Galenski's Ford Motor Corporation Pension. See *Exhibit 2*.

10. A copy of the Ford Motor Company Pension Plan is in Defendant's possession.

## Count II
## Breach of Contract

11. Plaintiff realleges and incorporates paragraphs 1-10 as though fully set forth herein.

12. Pursuant to the pension plan, Galenski entered a lien against the decedent Joseph Galenski's Ford Motor Company pension to satisfy the decedent's child support obligations.

13. This lien is valid in Michigan pursuant to MCL 552.625a and should be afforded full faith and credit.

14. The lien entitled Galenski to monthly payments out of decedent Joseph Galenski's Ford Motor Company's pension plan.

15. In addition, MCL 552.625a states that an arrearage in child support automatically constitutes a lien on the payer's real and personal property.

16. On or about September 18, 2001, Plaintiff timely requested payment of all benefits accrued in accordance with the above-mentioned pension plan. See *Exhibit 3*.

17. Defendant, Ford Motor Company Pension Plan failed to pay all benefits accrued in accordance with the above-mentioned pension plan.

18. As a direct and proximate result of the actions, plaintiff has been caused to incur attorneys' fees in an amount not now known to plaintiff.

19. As a direct and proximate result of the Defendant's actions, Plaintiff has sustained damages in an amount not now known to Plaintiff but on information and belief, such damages will approximate the amount of benefits due Plaintiff in accordance with the pension and retirement plan for each month since September 18, 2001; and Plaintiff will continue to sustain similar damages each month until the benefits are paid.

**Count III**
**Undue Delay in Processing of Claim**

20. Plaintiff realleges and incorporates paragraphs 1-19 as though fully set forth herein.

21. In compliance with the procedures set forth in the insurance agreement, Plaintiff submitted her proof of claim.

22. Defendant had a duty to process the claim in a timely manner.

23. Defendant negligently failed to process Plaintiff's application for benefits thereby breaching its duty.

24. As a direct and proximate result of Defendant's breach, Plaintiff suffered damages including the loss monthly benefit payments, mental and emotional distress, and any other damages allowable under 29 USCA § 1001.

Wherefore, plaintiff requests judgment against Ford Motor Company Pension Plan as

follows:

a. Ordering Defendant, Ford Motor Company Pension Plan, to pay to Plaintiff all benefits due Plaintiff under the Ford Motor Company Pension Plan retroactive to September 18, 2001;

b. Declaring that all rights and benefits Due plaintiff are vested and nonforfeitable or, in the alternative, to award plaintiff a money judgment for all sums due and owing.

c. Awarding plaintiff prejudgment interest from September 18, 2001, until date of judgment.

d. Awarding plaintiff attorney fees, court costs and all other reasonable costs incurred.

e. Granting plaintiff such other and further relief as the court may deem just and proper.

STEMPIEN & STEMPIEN, PLLC

BY:   GREGORY J. STEMPIEN P-20971
Attorney for Defendant

Dated:   April 11, 2005

## QDRO APPROVAL GUIDELINES AND PROCEDURES

**Ford – UAW Retirement Plan**
**Ford General Retirement Plan**

In accordance with the applicable provisions of the Internal Revenue Code of 1986, as amended, ("the Code"), and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), the Plan Administrator has established the following QDRO Approval Guidelines and Procedures ("Guidelines"). These Guidelines are used by Fidelity Employer Services Company LLC ("Fidelity") to determine whether a domestic relations Order ("Order") for the **Ford—UAW Retirement Plan** or the **Ford General Retirement Plan (Plan(s))**, meets the requirements of a qualified domestic relations Order ("QDRO"). The Guidelines are also used to assist in the administration of benefit distributions to Participants and Alternate Payees as required by a QDRO.

The Plan(s) will comply with the terms of an Order only if it meets the provisions of the Plan(s), the requirements of the Guidelines, and the requirements of a QDRO as established by law. The information contained in this document is intended to provide general information about the way QDROs are administered and in the event of any conflict between this document and the Plan, the provisions in the Plan shall control.

The Guidelines are divided into three sections for your review:

| | | |
|---|---|---|
| Section 1: | **Required Elements / Review and Processing Rules and Presumptions** – For an Order to meet the requirements of a QDRO, a number of issues must be addressed in the document. In addition to the rules and prohibitions detailed in this section, a number of standard presumptions/defaults will be used during the qualification process. Please refer to this section for detailed information on these critical topics as well as for information regarding what presumptions will be used during the qualification process if the Order is silent on these specific issues. |

| | | |
|---|---|---|
| Section 2: | **Procedural Information** – In addition to providing you with some general information about the qualification process, this section contains important procedural information on topics such as Participant benefit restrictions, Joinders, cash-out distributions and disputes. |

Following the QDRO Guidelines, you will find a sample **Model Order**. The Model Order would be acceptable in assigning benefits to an Alternate Payee under a traditional Defined Benefit Plan such as the FORD-UAW Retirement Plan or the Ford General Retirement Plan. Please keep in mind that each QDRO is unique and must be composed to fit the circumstances at hand. The Sample Model Order can be modified as necessary, but must also meet the requirements of the Plan(s) and the QDRO Guidelines.

Following the Sample Model Order is the **QDRO Information Sheet**.

***In Order to expedite the processing of your Order, please complete this document and forward it with your Order.***

**Effective Date of Guidelines:   October 1, 2002**

Note: Parties seeking QDROs may not rely on the Plan Administrator, Fidelity, or any employees or agents of the Plan Administrator or Fidelity for advice on which type or form of QDRO is most appropriate under any particular factual situation. The contents of these Guidelines are intended for informational purposes only and should not be construed as legal advice or legal opinion. Fidelity will provide factual information concerning the Participant's benefits, the terms of the applicable Plan, and the Guidelines that have been established for the review and qualification of domestic relations Orders. In all cases, the Parties should consult their legal advisor if they have questions about their particular situation.

These administrative Guidelines will be reviewed periodically and may be changed at any time at the direction of the Plan Administrator. These Guidelines are not a contract and do not modify the terms of the Plan.

---

| Section 1:  Required Elements / Review and Processing Rules and Presumptions |
| --- |

**The Order must clearly provide the following information in Order to be qualified:**

**A.  Plan Name**

The Order must clearly specify the Plan to which it applies.  A variation on the exact Plan name will be accepted if Fidelity can clearly determine the Plan to which the Order applies.  The legal names for the Plans to which these Guidelines apply are as follows:

1.  **Retirement Plan Established by Agreement between Ford Motor Company and International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, UAW (Ford – UAW Plan)**

2.  **Ford General Retirement Plan**

**B.  Participant Information**

1.  Participant's name

2.  The last known mailing address

3.  Social Security Number

4.  Date of Birth

*NOTE: The date of birth for the Participant is available on the Fidelity Participant Recordkeeping System.  Failure to include the Participant's date of birth will not cause the Order to be non-qualified.*

**C.  Alternate Payee Information**

1.  The Alternate Payee's name

2.  The last known mailing address

3.  Social Security Number

4.  Date of Birth

5.  Relationship to Participant

*NOTE:  The date of birth, social security number and relationship to Participant will be requested from the Alternate Payee or his/her attorney if these are not included in the Order.  Failure to include this information will not cause the Order to be non-qualified; however, it will delay the processing of the distribution to the Alternate Payee.*

| Section 1:  Required Elements / Review and Processing Rules and Presumptions |
| --- |

**D.** **Alternate Payee's Award**  (See Model Order Sections 3 and 4)

The Order must specify the Duration of Payments to the Alternate Payee.

**Benefits for the Participant's Lifetime**

A benefit payable to the Alternate Payee for the life of the Participant **will terminate** upon the death of the Participant.  A benefit payable to the Alternate Payee for the life of the Participant **will revert** to the Participant if the Alternate Payee predeceases the Participant

**Benefits for the Alternate Payee's Lifetime**

Once benefits commence, a benefit payable to the Alternate Payee for the life of the Alternate Payee will continue for the Alternate Payee's lifetime.

**A benefit payable to the Alternate Payee for the Alternate Payee's lifetime results in a permanent reduction to the Participant's pension/retirement benefit, as well as to any of the participant's surviving spouse benefits.** An Alternate Payee's entitlement to a benefit, actuarially adjusted to be payable on the life of the Alternate Payee under the QDRO, **will not revert to the Participant if the Alternate Payee dies after the commencement of his/her benefit.**

If benefits commence prior to normal retirement age, and a Plan age reduction factor and/or actuarial adjustment is applicable, the Alternate Payee's benefit will be permanently reduced by the Plan age reduction factor and/or actuarial adjustment.

If pre-retirement survivor benefits are not provided by the QDRO and the Participant predeceases the Alternate Payee prior to the Participant's eligibility to retire, the Alternate Payee's interest in the pension/retirement benefit will terminate and no benefit will be payable.

1. **The Order** **must** **specify  the Duration of Payments to the Alternate Payee.  The Order must award** **ONE** **of the following:**

   a)  Benefits to the Alternate Payee payable for the duration of the Participant's lifetime.
   b)  Benefits to the Alternate Payee payable for the duration of the Alternate Payee's lifetime.
   c)  The Alternate Payee shall have the right to elect to receive her share of the Participant's pension benefit in the form of an annuity for the duration of the Alternate Payee's lifetime; or receive a share of the Participant's pension benefit for the duration of the Participant's lifetime.

   *Note:* If a participant is retired and the survivor option was elected at retirement the designated survivor will retain rights to the option even if later divorced from the participant unless a QDRO specifically limits or rescinds the option with respect to the former spouse or the former spouse waives the option on a Company approved form.  Such form may be obtained by contacting Fidelity Service Center for Ford Motor Company.

   If the QDRO awards the alternate payee a pension benefit in the form of a life annuity and it does not rescind the surviving spouse option for a participant who is retired and elected the survivor option at retirement, the alternate payee will NOT receive two forms of payment.  The alternate payee will only receive the lifetime annuity benefit.

3

| **Section 1:   Required Elements / Review and Processing Rules and Presumptions** |
|---|

2. **The Alternate Payee's award must be a clear and calculable amount.  The Order may award <u>ONE</u> of the following:**

    a)  a specific percentage of the Participant's benefit accrued as of a specific date

    b)  a specific percentage _____% of the Participant's total monthly benefit as of the earlier of the Alternate Payee's commencement of benefit or the Participant's retirement

    c)  a specific percentage of the Participant's benefit accrued between two specific dates

    d)  a specific percentage of the Participant's benefit accrued at the earlier of the Participant's retirement or the Alternate Payee's commencement

    e)  a formula:  _____% of a fraction, the numerator of which is _____, and the denominator of which is _____.  This fraction will be applied to the Participant's benefit accrued at the earlier of the Participant's retirement or the Alternate Payee's commencement.

*Note:  If all accrued benefit information required to exactly calculate the award can not be determined, the Order will be non-qualified.*

**E.  <u>Commencement of the Alternate Payee's Award</u>  (See  Model Order Section 5)**

The earliest date that a QDRO can provide for an Alternate Payee to begin receiving benefits is the Participant's earliest retirement date under the Plan. If the Alternate Payee elects to receive benefits before the Participant's retirement date, the portion of the Participant's benefits assigned to the Alternate Payee shall be actuarially reduced as if the Participant had retired early on that date.  The Alternate Payee's benefits shall then be actuarially adjusted to reflect his or her age and benefit payment option (if benefit is to be payable over his or her lifetime).  Benefits to the Alternate Payee are required to commence no later than the Participant's benefit commencement date.  If the Alternate Payee has not elected to receive his or her benefit prior to the Participant's benefit commencement date, the Alternate Payee will be notified by the Plan that his or her benefit is required to commence at such time.

The commencement of payments to the Alternate Payee should be specified in the QDRO.  **The Order may provide <u>ONE</u> of the following:**

    1.  Benefits to the Alternate Payee may commence, at the Alternate Payee's option, at any time after the Participant has obtained eligibility to retire, as defined by the Plan.  The Alternate Payee must follow established Plan procedures to commence his/her receipt of benefits.

    2.  **For Orders qualified before Participant's retirement:**  Benefits to the Alternate Payee will commence on the date the Participant retires.

    3.  **For Orders qualified after the Participant's retirement:** Benefits to the Alternate Payee will commence as soon as administratively feasible following qualification of a QDRO.

4

| Section 1:   Required Elements / Review and Processing Rules and Presumptions |
| --- |

**F.  Death of Participant/Survivorship Issues**

1.  A QDRO may award an Alternate Payee all or some portion of the <u>pre-</u> and/or <u>post-</u>retirement surviving spouse benefit.

2.  The Alternate Payee shall not be considered the surviving spouse of the Participant unless the Order specifically provides for the designation.  Such surviving spouse designation may be made with respect to all or part of the Participant's benefit.  If the Order is silent, the Alternate Payee shall not be considered the surviving spouse of the Participant.

3.  The QDRO must specify the extent to which the Alternate Payee is to be treated as surviving spouse. "Sole" surviving spouse means that the Alternate Payee would receive the full surviving spouse benefit even if there is a present spouse.  If the parties intend that the Alternate Payee and a subsequent spouse of the Participant are to share the survivor's benefit, the QDRO should specifically state that the Alternate Payee's surviving spouse benefit is limited to a specific portion of the participant's benefit.

4.  **In no event are surviving spouse benefits payable to an Alternate Payee's surviving spouse or beneficiary.**

*Note:  If the Alternate Payee is to be treated as the post-retirement surviving spouse, reduced benefits will be payable to the Participant during their joint lives.  Such surviving spouse designation may be made with respect to all or part of the Participant's benefit.*

**Pre-Retirement Surviving Spouse**

The Order may provide for the Alternate Payee to be treated as the Participant's surviving spouse under the Plan in the event of the death of the Participant before the Participant commences retirement benefits.

If the Participant dies <u>prior</u> to his or her earliest eligible retirement date under the Plan, the Alternate Payee will <u>not</u> be entitled to receive the portion of the benefit awarded under the QDRO (including a separate annuity based on the Alternate Payee's own lifetime).   The only benefit payable in such case would be a surviving spouse benefit and only if the QDRO provides for the Alternate Payee to be considered the Participant's surviving spouse for purposes of the pre-retirement survivor annuity.   Upon the Alternate Payee's benefit commencement date, such surviving spouse designation shall no longer be applicable.

**Post-Retirement Surviving Spouse**

If the Order provides that the benefit to the Alternate Payee is payable for the duration of the Participant's lifetime, the Order may provide for the Alternate Payee to be treated as the Participant's surviving spouse under the Plan in the event of the death of the Participant after the Participant reaches retirement eligibility.

If the benefit payable to the Alternate Payee was payable over the Participant's lifetime, upon the Participant's death, the Alternate Payee's benefit under the QDRO would cease and he or she would commence receiving the designated portion of the post-retirement surviving spouse benefit.

*Note:  This section is <u>not</u> applicable if the Order provides that the benefit to the Alternate Payee is payable for the duration of the Alternate Payee's life.*

5

| Section 1:   Required Elements / Review and Processing Rules and Presumptions |
| --- |

**F.  Death of Participant/Survivorship Issues - CONTINUED**

    **a.  Pre-Retirement Surviving Spouse** (See Model Order Section 8)

    The Order MAY provide that the Alternate Payee is entitled to <u>ONE</u> of the following:

      1.  any and all pre-retirement surviving spouse benefits

      2.  a specified percentage of any pre-retirement surviving spouse benefits

      3.  all pre-retirement surviving spouse benefits accrued as of a specified date

      4.  pre-retirement surviving spouse benefits in an amount equal to the portion of the Participant's accrued pension benefit that the Alternate Payee would have received under this QDRO had the Participant lived and retired voluntarily

      5.  pre-retirement surviving spouse benefits in an amount that is based upon the Alternate Payee's share of the accrued pension benefit

    *Note:  If the Order is silent on this issue, the Alternate Payee <u>WILL NOT</u> be considered surviving spouse of the Participant.*

    **b.  Post-Retirement Surviving Spouse** (See Model Order Section 9)

    The Order MAY provide that the Alternate Payee is entitled to <u>ONE</u> of the following:

      1.  any and all post-retirement surviving spouse benefits

      2.  a specified percentage of any post-retirement surviving spouse benefits

      3.  all post-retirement surviving spouse benefits accrued as of a specified date

      4.  post-retirement surviving spouse benefits in an amount equal to the portion of the Participant's accrued pension benefit that the Alternate Payee received under this QDRO

      5.  post-retirement surviving spouse benefits in an amount that is based upon the Alternate Payee's share of the  accrued pension benefit

      6.  The Alternate Payee is not entitled to a share of the post-retirement surviving spouse benefit.  As such, the Alternate Payee consents to the cancellation of the surviving spouse coverage under this retirement plan.  Upon qualification of this Domestic Relations Order by the Plan Administrator, the Alternate Payee will be removed from that option and will not be entitled to receive the post-retirement surviving spouse benefit in the event of the Participant's death.  (If it is the intent of the Parties to rescind the alternate payee's right to the post-retirement surviving spouse option, the Order must contain this complete paragraph.)

    *Note:* If a participant is retired and the survivor option was elected at retirement the designated survivor will retain rights to the option even if later divorced from the participant unless a QDRO specifically limits or rescinds the option with respect to the former spouse or the former spouse waives the option on a Company approved form.  Such form may be obtained by contacting Fidelity Service Center for Ford Motor Company.

    *Note:  If the Order is silent on this issue, the Alternate Payee <u>WILL NOT</u> be considered surviving spouse of the Participant.*

| Section 1:   Required Elements / Review and Processing Rules and Presumptions |
| --- |

**G.** <u>Supplements</u>  (See Model Order Section 6)

An Alternate Payee will receive a share of the early retirement supplement, interim supplement, or temporary benefit (collectively "supplements") <u>only</u> if the QDRO specifically assigns these benefits or if the QDRO awards the Alternate Payee a share of the Participant's **total** monthly benefit.  The QDRO must specify the amount or method of determining the amount of the supplement assigned.  An Alternate Payee cannot receive any supplement <u>until</u> and <u>unless</u> it becomes payable to the Participant.

**The Order should specify whether the Alternate Payee will have the right to share in any early retirement supplement, interim supplement, or temporary benefit.  The Order may provide for <u>ONE</u> of the following:**

1. The Alternate Payee <u>is</u> entitled to a specified percentage of any early retirement supplement, interim supplement, or temporary benefit.

2. The Alternate Payee <u>is</u> entitled to a share of any early retirement supplement, interim supplement, or temporary benefit proportional to the Alternate Payee's interest in the Participant's total accrued benefit.

3. The Alternate Payee <u>is NOT</u> entitled to any early retirement supplement, interim supplement, or temporary benefit.

*Note: If the Order is silent, the Alternate Payee <u>WILL NOT</u> be entitled to any portion of any early retirement supplement, interim supplement, or temporary benefit.*

**H.** <u>Post-Retirement Increases</u> (See Model Order Section 7)

An Alternate Payee will receive post-retirement increases, if any, only if the QDRO specifically assigns this benefit, or if the QDRO assigns the Alternate Payee a portion or all of the Participant's **total** monthly benefit. The QDRO must specify the amount or method of determining the amount of the Alternate Payee's interest in post-retirement increases. An Alternate Payee cannot receive any post-retirement increase <u>until</u> and <u>unless</u> it becomes payable to the Participant.

**Post-retirement increases are not available to the Alternate Payee if benefits are payable for the duration of Alternate Payee's lifetime.**

**The Order should state whether the Alternate Payee will have the right to share in any post-retirement increases, should the Participant become entitled to any post-retirement increases upon or after his/her retirement.  The Order may provide for <u>ONE</u> of the following:**

1. The Alternate Payee <u>is</u> entitled to a specified percentage of any post-retirement increase.

2. The Alternate Payee <u>is</u> entitled to a share of any post-retirement increase proportional to the Alternate Payee's interest in the Participant's total accrued benefit.

3. The Alternate Payee <u>is NOT</u> entitled to any post-retirement increases.

*Note: If the Order is silent, the Alternate Payee <u>WILL NOT</u> have the right to any portion of any post-retirement increases.*

**I.** <u>Taxation</u>

An Alternate Payee, who is a spouse or former spouse of the Participant, is responsible for any taxes incurred upon distribution of benefits.  Payments to all other Alternate Payees (e.g., children) are taxable to the Participant.

Pursuant to Section 72(m)(10) of the Internal Revenue Code, the tax cost basis of the Participant's benefits must be distributed proportionately to the Alternate Payee.  **The Order will be non-qualified if it states otherwise.**

7

---

## Section 2:   Procedural Information

---

**Getting Started:** In Order to start the qualification process, please provide the following:

- ❖ **Executed Order** (an Order signed by a Judge and filed with the appropriate court clerk's office)

- ❖ **QDRO Information Sheet – see attached** (initial submission only)

### A.  General Information

1.  Judgments, decrees, and Orders (including property settlements) relating to the Plans will be reviewed.

2.  Although proposed draft Orders are reviewed, an original true or court certified copy or a photocopy of an Order filed in a court of competent jurisdiction must be submitted before an Order will be qualified.

3.  A copy of the Plan's Guidelines and the Sample Model Orders will be provided to the Participant, the Alternate Payee and each of their attorneys (the "Parties"), as requested.

4.  A copy of the Plan's Guidelines and Model Orders also will be forwarded to the Parties (provided that address information is available) upon the initial receipt of an Order and the non-qualification of an Order.

5.  Participant benefit information will be provided only in response to written authorization from the Participant or a properly served Subpoena.

6.  In the event that an Order is received for a Plan for which Fidelity does not provide QDRO qualification services, the Order will be returned to the sender.

7.  The Parties shall promptly notify Fidelity, in writing, of any change of name and/or address.

8.  Pursuant to ERISA and the Code, Fidelity will advise the Parties, in writing, within a "reasonable period of time" as to the Order's qualification or non-qualification.  However, typically, the qualification or non-qualification of an Order is determined within _**60 business days**_.

### B.  Combined Orders

The Plan Administrator allows an Order to address one or more of the employee benefit plans sponsored by Ford Motor Company including the Plans mentioned in these Guidelines.  If the Order does reference more than one of the Plans, then **each individual Plan named in the Order must qualify under the appropriate Guidelines for the Order to be qualified**.  For this reason, the Parties may find it preferable to enter a separate Order for each Plan.

The **only** exception to this policy is if the Participant is **"in-pay status"** for one or more of the Plans.  Fidelity will prioritize these Orders and will qualify the sections of the Order which pertain to the Plan(s) which the Participant is "in-pay status", even if the Order references additional plans for which the Order is non-qualified.

| **Section 2:    Procedural Information** |
|---|

**C.  Mailing Address:**

1.  The following documents associated with the qualification of Orders should be sent to the address listed below:

   a)  Domestic Relation Orders; Original true or court certified or copies of original Orders filed in a court of competent jurisdiction;
   b)  Proposed Orders / Draft Orders;
   c)  Draft amended Orders; or
   d)  Decrees of Divorce, Judgments and Property Settlement Agreements that are also intended to satisfy the requirement of a QDRO

**Fidelity Service Center for Ford Motor Company**
**P.O. Box 770003**
**Cincinnati, OH 45277-0066**
**Attn:  QDRO Administration**

2.  Subpoenas, Restraining Orders, and Joinders should be sent to the following address:

**Ford Motor Company**
**Room 1037**
**1 American Road**
**Dearborn, MI 48126-2798**

3.  Decrees of Divorce, Judgments and Property Settlement Agreements that are not also intended to satisfy the requirements of the QDRO should be sent to the following address:

**Ford Motor Company**
**NESC**
**P.O. Box 6214**
**Dearborn, MI 48121-6214**

4.  Participant Information Release Forms and other QDRO related correspondence should be sent to the following address:

**Fidelity Service Center for Ford Motor Company**
**P.O. Box 770003**
**Cincinnati, OH 45277-0070**

**D.  Acknowledgment of Order and Disbursement Restrictions**

1.  Upon receipt of an executed Order, or a copy of an executed Order, Fidelity will send written acknowledgement of the Order to all Parties (provided that address information is available) and **will** place a disbursement restriction on the Participant's benefit(s).  If the Participant is "in-pay status," 50% of his/her recurring benefit payment will be suspended.

2.  Upon receipt of a Joinder, Fidelity **will forward** the Joinder to Ford Motor Company for response and further direction.

3.  Upon receipt of written direction from the Plan Sponsor, Fidelity **will** place a disbursement restriction on the participant's benefit(s).

4.  Upon receipt of a proposed or draft Order, Fidelity **will not** place a disbursement restriction on the Participant's benefit(s).  However, Fidelity will send written acknowledgement to the Parties upon receipt of the proposed or draft Order.  The letter will inform the Parties that a disbursement restriction has not been placed on the Participant's benefit(s) and that an executed Order is required.

---

## Section 2:   Procedural Information

---

**E.   Removal of Disbursement Restrictions**

A disbursement restriction will remain on a participant's benefit until any of the following occurs:

1.   The qualification and establishment of a record in the Alternate Payee's name;

2.   Receipt of a Court Order vacating a previously received Order, Joinder or Restraining Order (the receipt of which caused the disbursement restriction to be originally placed on the Participant's benefit(s));

3.   For an Order pertaining to a Participant who is "in-pay status", the earlier of the expiration of an 18-month period after the Order was received or the determination of the Order made by Fidelity.  All suspended benefits will be released to the Participant at that time;

4.   Receipt of written direction from the Plan Sponsor.


**F.   Qualification of Order**

1.   The Parties will be notified in writing upon a determination that the Order is qualified.  The qualification letter will:

   a.   Summarize the award to the Alternate Payee;

   b.   Inform the Parties that an additional letter with more details regarding the award will be forthcoming.


**G.   Non-Qualification of Order**

The Parties will be notified, in writing, upon a determination that the Order or Draft Amended Order is non-qualified. The non-qualification letter will clearly identify and detail the deficiencies in the Order and the information necessary to render the Order qualified pursuant to the Plan's Guidelines.


**H.   Cash-Out Distribution**

If the Alternate Payee's award is valued at $3,500 or less, effective on the date of commencement of benefits, the award will be paid out automatically, in a single lump sum, to the Alternate Payee at the address of record.


**I.   Establishment of Alternate Payee's record**

1.   Upon a determination that the Order is qualified, Fidelity will establish a record for the Alternate Payee.

2.   Shortly after determination that the Order is qualified, the Alternate Payee and the Participant will receive a letter detailing the benefit payable and the earliest commencement date.

   a.   The letter will also provide the Alternate Payee with instructions for contacting the **Fidelity Service Center for Ford Motor Company** to request a current accrued benefit statement, initiate the commencement of his/her benefit, or to obtain further information.

**Sample Model Order**
**Ford - UAW Retirement Plan or Ford General Retirement Plan**

CAUTION:  The disposition of Plan benefits in domestic relations proceedings involves complex marital rights, legal and tax issues.  The following is a Sample Model Order that demonstrates one method of dividing Plan Benefits.  Other methods of dividing Plan Benefits are available and this Sample Model Order may be inappropriate for your particular circumstances.

This form is a *SAMPLE* and is provided as a courtesy only.  Neither Ford Motor Company nor any of its subsidiaries, agents, employees or consultants, nor Fidelity Employer Services Company LLC ("Fidelity"), are authorized to give financial, tax or legal advice; and they make no representation as to the Sample Model Order's sufficiency under applicable Federal or State law or as to its legal consequences.  You should *NOT* use this Sample Model Order without consulting your financial, tax and/or legal advisors.

|  |  |
|---|---|
| Petitioner | ) CASE NO.<br>)<br>)<br>)<br>) |
| _____ | ) STIPULATED QUALIFIED |
| and | ) DOMESTIC |
| | ) RELATIONS ORDER |
| Respondent. | ) |
| _____ | ) |

**[General Provisions]**

WHEREAS this Court has jurisdiction over Petitioner and Respondent and the subject matter of this Order; and

WHEREAS Petitioner, Respondent and the Court intend that this Order shall be a Qualified Domestic Relations Order (hereinafter referred to as a "QDRO") as defined in Section 206(d)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"); and,

WHEREAS Petitioner and Respondent have stipulated that the Court enter this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED BY THE COURT as follows:

1. As used in this Order, the following terms shall apply:

    a)  "Participant" shall mean   _____ **(First Name M.I. Last Name)**

        whose current address is   _____ **(Street Address/Apt #)**

          _____ **(City, State Zip Code)**

        who was born on   _____ **(MM/DD/YYYY)**

        whose Social Security Number is _____ **(XXX-XX-XXXX)**

    b)  "Alternate Payee" shall mean   _____ **(First Name M.I. Last Name)**

        whose current address is   _____ **(Street Address/Apt #)**

          _____ **(City, State Zip Code)**

        who was born on   _____ **(MM/DD/YYYY)**

        whose Social Security Number is _____ **(XXX-XX-XXXX)**

    c)  Alternate Payee's relationship to the Participant shall mean (check one):

                      ☐ Spouse

                      ☐ Former Spouse

    d)  "Plan" shall mean (check one):   ☐ Ford – UAW Retirement Plan

                                  ☐ Ford General Retirement Plan

    e)  "Plan Administrator" shall mean:   **Ford Motor Company**

2. Participant and Alternate Payee were married on _____ and were legally separated or legally divorced on _____ .

## DOMESTIC RELATIONS ORDER

3. **Duration:** This Order is intended to award the Alternate Payee **(SELECT ONE)**

☐ Benefits to the Alternate Payee payable for the duration of the Participant's lifetime.

☐ Benefits to the Alternate Payee payable for the duration of the Alternate Payee's lifetime.

☐ The Alternate Payee shall have the right to elect to receive his/her share of the Participant's pension benefit in the form of an annuity for the duration of the Alternate Payee's lifetime; or to receive a share of the Participant's pension benefit for the duration of the Participant's lifetime.

4. **Award:** The Alternate Payee's interest in the Plan is to be determined by the following formula **(SELECT ONE)**

☐ The Alternate Payee is entitled to ____ % of the Participant's benefit accrued as of ____.

☐ The Alternate Payee is entitled to a specific percentage ____% of the Participant's total monthly benefit as of the earlier of the Alternate Payee's commencement of benefit or the Participant's retirement.

☐ The Alternate Payee is entitled to $ ____ of the Participant's accrued benefit, payable at normal retirement age, subject to actuarial reduction if benefits commence prior to normal retirement age.

☐ The Alternate Payee is entitled to ____% of the Participant's benefit accrued between ____ and ____.

☐ The Alternate Payee is entitled to ____% of the Participant's benefit accrued at the earlier of the Participant's retirement or the Alternate Payee's commencement.

☐ The Alternate Payees benefit is to be determined by the following formula: ____% of a fraction, the numerator of which is ____, and the denominator of which is ____. This fraction will be applied to the Participant's benefit accrued at the earlier of the Participant's retirement or the Alternate Payee's commencement.

5. **Commencement:** The Alternate Payee's benefit **(SELECT ONE)**

☐ may commence, at the Alternate Payee's option, at any time after the Participant has attained eligibility to retire, as defined by the Plan. The Alternate Payee must initiate his/her benefit using established Plan procedures. If the Alternate Payee does not initiate he/her benefit, benefits will commence on the date the Participant retires from Ford.

☐ will commence on the date the Participant retires from Ford (for Orders qualified prior to retirement)

☐ will commence as soon as administratively feasible following qualification of the QDRO (for Orders qualified after retirement)

6. **Early Retirement Supplements, Interim Supplements, or temporary benefits (SELECT ONE)**

☐ The Alternate Payee is entitled to ____% of any Early Retirement Supplements, Interim Supplements, or temporary benefits.

☐ The Alternate Payee is entitled to a share of any Early Retirement Supplements, Interim Supplements, or temporary benefits proportional to the Alternate Payee's interest in the Participant's total accrued benefit.

☐ The Alternate Payee is NOT entitled to any Early Retirement Supplements, Interim Supplements, or temporary benefits.

7. **Post-Retirement Increases (SELECT ONLY IF** benefits to the Alternate Payee are payable for the duration of Participant's lifetime. **NOT APPLICABLE** if benefits to the Alternate Payee are payable for the duration of Alternate Payee's lifetime. Please refer to Section 3 above):

☐ The Alternate Payee is entitled to ____ % of any Post-Retirement increases.

☐ The Alternate Payee is entitled to a share of any Post-Retirement increases proportional to the Alternate Payee's interest in the Participant's total accrued benefit.

☐ The Alternate Payee is NOT entitled to any Post-Retirement increases.

## DOMESTIC RELATIONS ORDER

8. **Pre-Retirement Surviving Spouse Benefits:** The Alternate Payee is entitled to **(SELECT ONE)**

&#9744;  any and all pre-retirement surviving spouse benefits

&#9744;  _____ % of any pre-retirement surviving spouse benefits

&#9744;  all pre-retirement surviving spouse benefits accrued as of _____.

&#9744;  pre-retirement surviving spouse benefits in an amount equal to the portion of the Participant's accrued pension benefit that the Alternate Payee would have received under this QDRO had the Participant lived and retired voluntarily

&#9744;  a pre-retirement surviving spouse benefit in an amount that is based upon the Alternate Payee's share of the accrued pension benefit.

9. **Post-Retirement Surviving Spouse Benefits:** The Alternate Payee is entitled to **(SELECT ONLY IF** benefits to the Alternate Payee are payable for the duration of Participant's lifetime. **NOT APPLICABLE** if benefits to the Alternate Payee are payable for the duration of Alternate Payee's lifetime. Please refer to Section 3 above.)

&#9744;  any and all post-retirement surviving spouse benefits

&#9744;  _____% of any post-retirement surviving spouse benefits

&#9744;  all post-retirement surviving spouse benefits accrued as of _____.

&#9744;  post-retirement surviving spouse benefits in an amount equal to the portion of the Participant's accrued pension benefit that the Alternate Payee received under this QDRO

&#9744;  a post-retirement surviving spouse benefit in an amount that is based upon the Alternate Payee's share of the accrued pension benefit.

&#9744;  The Alternate Payee is not entitled to a share of the post-retirement surviving spouse benefit. As such, the Alternate Payee consents to the cancellation of the surviving spouse coverage under this retirement plan. Upon qualification of this Domestic Relations Order by the Plan Administrator, the Alternate Payee will be removed from that option and will not be entitled to receive the post-retirement surviving spouse benefit in the event of the Participant's death. (If it is the intent of the Parties to rescind the alternate payee's right to the post-retirement surviving spouse option, the Order must contain this complete paragraph.)

10. The Participant shall cause an original court certified copy of this Order to be served on the Plan Administrator's agent, Fidelity Employer Service Company LLC, forthwith. This Order shall remain in effect until further Order of this Court.

11. Nothing contained in the Order shall be construed to require any Plan or Plan Administrator:

    (a) To provide to the Alternate Payee any type or form of benefit or option not otherwise available to the Participant under the Plan;

    (b) To provide the Alternate Payee increased benefits (determined on the basis of actuarial value) not available to the Participant; or

    (c) To pay any benefits to the Alternate Payee, required to be paid to another Alternate Payee under another Order, which has been determined to be a QDRO, before this Order is determined to be a QDRO.

**Attorney for Petitioner:**
[NAME]_____

[ADDRESS] _____

[PHONE NUMBER] _____

Dated: _____

**Attorney for Respondent:**
[NAME]_____

[ADDRESS]_____

[PHONE NUMBER]_____

_____
Judge of the Court

IN ORDER TO EXPEDITE THE PROCESSING OF YOUR ORDER, PLEASE COMPLETE THIS FORM AND FORWARD IT ALONG WITH YOUR ORDER TO:

Fidelity Service Center for Ford Motor Company
P.O. Box 770003
Cincinnati, OH 45277-0066
Attn: ODRO Administration Group

## PARTICIPANT INFORMATION

SOCIAL SECURITY NUMBER

STREET ADDRESS

FIRST NAME

STREET ADDRESS CONTINUED

MIDDLE NAME

CITY

LAST NAME

STATE

DATE OF BIRTH (MMDDYYYY)

ZIP CODE

PHONE NUMBER

## PARTICIPANT ATTORNEY INFORMATION

FIRM NAME

FIRST NAME

STREET ADDRESS

LAST NAME

STREET ADDRESS CONTINUED

SUFFIX

CITY

PHONE NUMBER

STATE

FAX NUMBER

ZIP CODE

15

## ALTERNATE PAYEE INFORMATION

SOCIAL SECURITY NUMBER

STREET ADDRESS

FIRST NAME

STREET ADDRESS CONTINUED

MIDDLE NAME

CITY

LAST NAME

STATE

DATE OF BIRTH (MMDDYYYY)

ZIP CODE

PHONE NUMBER

## ALTERNATE PAYEE ATTORNEY INFORMATION

FIRM NAME

FIRST NAME

STREET ADDRESS

LAST NAME

STREET ADDRESS CONTINUED

SUFFIX

CITY

PHONE NUMBER

STATE

FAX NUMBER

ZIP CODE



STATE OF INDIANA                    )        IN THE MADISON SUPERIOR III COURT
                                   )SS:
MADISON COUNTY                     )        CAUSE NUMBER: 48D03-9801-RS-0009

MARILYN L.  GALENSKI
Petitioner

vs

JOE J.  GALENSKI
Respondent

## NOTICE OF LIEN ON FORD MOROR CORPORATION PENSION

RE: JOE J. GALENSKI
    SSN: 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


    Notice is hereby given to all interested parties that the State of Indiana,
on behalf of MARILYN L. GALENSKI, intends to hold a lien upon the Ford Motor
Corporation Pension of JOE J. GALENSKI, and that this lien is based on the
following:

    1.  On 10/14/87, the Wayne County Circuit Court ordered JOE J. GALENSKI to
pay $60.00 per week for the support of his child(ren):  Joe J. Galenski, III, DOB
07/13/71, Kevin P. Galenski, DOkB 04/09/73, Scott M. Galenski, DOB
09/27/75, Meagan Galenski, DOB 07/20/79.

    2.  Pursuant to Indiana Code 31-16-16, any payment that is required under a
support order and is delinquent shall be treated as a judgment, and a lien shall
attach to the judgment.

    3.  As of 12/23/97, JOE J. GALENSKI is delinquent in the payment of
Court-ordered child support in the amount of $51,265.28 and this amount shall be
treated as a judgment under Indiana law.

    4.  Pursuant to I.C. 31-16-16-3 there is a lien against the Ford Motor
Corporation Pension of JOE J. GALENSKI in the amount of $51,265.28.

                    _____
                         DEPUTY PROSECUTING ATTORNEY
                         ATTORNEY FOR THE STATE OF INDIANA


OFFICE OF CHARLES F. BRADDOCK  (000-66)
MADISON COUNTY PROSECUTOR'S OFFICE
CHILD SUPPORT DIVISION
16 E. 9TH. ST., BOX 6
ANDERSON, IN 46016
TELEPHONE:  (765) 641-9609
FACSIMILE:  (765) 641-9641
CASE NUMBER 0000988733

STATE OF INDIANA         )     IN THE MADISON SUPERIOR III COURT )SS:
MADISON COUNTY         )     CAUSE NUMBER: 48D03-9801-RS-0009
MARILYN L. GALENSKI
Petitioner

vs

JOE J. GALENSKI
Respondent

### CERTIFICATE OF SERVICE

    I hereby certify that on the date filemarked hereon, I caused 3 Copies of
the foregoing UIFSA Petition to be served by first class mail, postage prepaid,
to: JOE GALENSKI, 2203 LAURIE AVE., PANAMA CITY BEACH, FLA 32407.

*Charles F. Braddock*

DEPUTY PROSECUTING ATTORNEY
ATTORNEY FOR THE STATE OF INDIANA

OFFICE OF CHARLES F. BRADDOCK   (000-66)
MADISON COUNTY PROSECUTOR'S OFFICE
CHILD SUPPORT DIVISION
16 E. 9TH. ST., BOX 6
ANDERSON, IN  46016
TELEPHONE:  (765) 641-9609
FACSIMILE:  (765) 641-9641
CASE NUMBER 0000988733



*File*

### STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOE J. GALENSKI, JR.,

      Plaintiff,

vs.

MARILYN L. GALENSKI,

      Defendant.

_____/

Case No. 83-316679-DM

Hon.  William Lucas

STEMPIEN & STEMPIEN, PLLC
By: Gregory J. Stempien P-20971
315 N. Center St., Ste. 200
Northville, MI 48167
(248) 735-9200

_____/

### ORDER GRANTING DEFENDANT'S PAYMENT OF CHILD SUPPORT FROM THE PLAINTIFF'S FORD MOTOR COMPANY PENSION

At a session of said Court, held in the Courthouse in
the City of Detroit, County of Wayne, State of
Michigan

On _____   **OCT 1 1 2001**

PRESENT: HON._____ *WILLIAM LUCAS*
               Circuit Court Judge

This matter having come before the Court by Defendant's Motion for Payment of Child

Support Arrearage from the Plaintiff's Ford Motor Company Pension, a hearing having been held

in open court on the record before Friend of the Court Referee David Calandro on Tuesday,

September 25, 2001, and the Court being otherwise fully advised in the premises;

ggalenmpl.orl.wpd                1

IT IS HEREBY ORDERED that Defendant shall be and is awarded one hundred (100%)
percent of the Plaintiff's Ford Motor Company Pension for the purpose of paying the child
support arrearage owed by the Plaintiff to the Defendant.

WILLIAM LUCAS

_____

Circuit Court Judge

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

BY_____ DEPUTY CLERK

ggalenmpl.or1.wpd

2

JS 44C
(Rev. 12/84)

**CIVIL COVER SHEET**

# 05-71441

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MARILYN GALENSKI

## DEFENDANTS

FORD MOTOR COMPANY PENSION PLAN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   WAYNE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   WAYNE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
STEMPIEN & STEMPIEN, PLLC
BY: GREGORY J. STEMPIEN P- 20971
315 N. CENTER ST., STE.     200

ATTORNEYS (IF KNOWN)

LAWRENCE P. ZATKOFF

MAGISTRATE JUDGE CAPEL

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 USCA 1001 (ERISA), FAILURE TO PAY BENEFITS.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 195 Contract Product Liability

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury— Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☒ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence 28 USC 2255
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Food & Drug
- ☐ 630 Liquor Laws
- ☐ 640 R R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes
- ☐ 871 IRS Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

## VIII. RELATED CASES(S) IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE   4/13/05   SIGNATURE OF ATTORNEY OF RECORD

**UNITED STATES DISTRICT COURT**

## PURSUANT TO LOCAL RULE 83.11

1.　　　　Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.　　　　Other than stated above, are there any pending or previously
discontinued or dismissed companion cases in this or any other
court, including state court? (Companion cases are matters in which
it appears substantially similar evidence will be offered or the same
or related parties are present and the cases arise out of the same
transaction or occurrence.)

☐ Yes
☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :